**JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3574 PA (SKx) | Date | April 15, 2026 |
|---|---|---|---|
| Title | Evelia Correa v. Dollar Tree Stores, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Dollar Tree Stores, Inc. ("Dollar Tree" or "Removing Defendant").  Removing Defendant contends that this Court possesses diversity jurisdiction over the action filed by plaintiff Evelia Correa ("Plaintiff") against Removing Defendant and its codefendant Matthew Vargas ("Vargas" or "Individual Defendant") based on the Court's diversity jurisdiction under 28 U.S.C. § 1332.

"Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress."  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit.  28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction."  Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

To invoke this Court's diversity jurisdiction, Removing Defendant must prove that (1) there is complete diversity of citizenship between the parties, and (2) the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332.  A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  A corporation is a citizen of both its state of incorporation and the state in which it has its principal place of business.  28 U.S.C. § 1332(c)(1); see also New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1300-01 (9th Cir. 1989). The citizenship of an LLC is the citizenship of its members.  See Johnson v. Columbia

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 26-3574 PA (SKx) | Date | April 15, 2026 |
|---|---|---|---|
| Title | Evelia Correa v. Dollar Tree Stores, Inc., et al. | | |

Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").

Here, Removing Defendant recognizes that the Complaint alleges that both Plaintiff and the Individual Defendant are citizens of California, but alleges the citizenship of the Individual Defendant may be disregarded if it is determined that the party's joinder is a 'sham,' such that no possible cause of action can be established against that party. (Notice of Removal ¶ 27.) As Removing Defendant alleges, there is an exception to the complete diversity rule for fraudulently joined or "sham defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). A non-diverse defendant who has been fraudulently joined may be disregarded for diversity jurisdiction purposes. See Hunter v. Philip Morris USA, 582 F.3d 1039, 1043 (9th Cir. 2009). Fraudulent joinder arises if a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987). If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity. See Morris, 236 F.3d at 1067.

"There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant. See id. at 1008, 1012. "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so." Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)). A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency."" Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

At least on this record, and even if Plaintiff has not yet alleged viable negligence or failure to maintain premises claims against the Individual Defendant — a determination the

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 26-3574 PA (SKx) | Date | April 15, 2026 |
|---|---|---|---|
| Title | Evelia Correa v. Dollar Tree Stores, Inc., et al. | | |

Court has not made —this Court cannot conclude that Plaintiff would not be afforded leave to amend his Complaint to state viable claims against the Individual Defendant.  Under well settled California law, Individual Defendant, as an alleged employee or agent of Dollar Tree, is subject to liability separate and apart from Removing Defendant's liability.  See Perkins v. Blauth, 163 Cal. 782, 787 (1912) ("Long-settled California law provides that "[i]f a tortious act has been committed by an agent acting under authority of his principal, the fact that the principal thus becomes liable does not of course exonerate the agent from liability."); PMC, Inc. v. Kadisha, 78 Cal. App. 4th 1368, 1381 (2000) ("[A]n agent is liable for her or his own acts, regardless whether the principal is also liable.").  See also Leroy W. v. Costco Wholesale Corp., CV 20-04265 JAK (FFMX), 2020 WL 7023777, at *4 (C.D. Cal. Nov. 30, 2020) (no fraudulent joinder where it was plausible that individual employee defendant might be liable for both negligence and premises liability as agent of corporate defendant); Gallegos v. Costco Wholesale Corp., No. CV 20-3250 DMG (GJSx), 2020 WL 2945514, *1 (C.D. Cal. June 2, 2020) (same).  Accordingly, Removing Defendant has not shown that Plaintiff cannot prevail on her claims against Individual Defendant in light of his role as an employee of Dollar Tree.[1]

Removing Defendant has therefore failed to meet its "heavy burden of persuasion" to establish that the Individual Defendant is fraudulently joined, and the Court will not ignore his citizenship for purposes of evaluating whether diversity jurisdiction exists.  Because Plaintiff and the Individual Defendant are not completely diverse, the Court concludes that Removing Defendant has not established that the Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

For all of the foregoing reasons, Removing Defendant has failed to meet its burden to demonstrate the Court's diversity jurisdiction.  Accordingly, the Court remands this action to Los Angeles County Superior Court, Case No. 25VECV07237, for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.

---

[1]    Removing Defendant cites Ortega v. Kmart Corp., 26 Cal. 4th 12001 (2001) to argue that California law imposes the duty to maintain safe premises on the store owner and not an individual employee.  However, Removing Defendant's reliance on Ortega is misplaced.  While Ortega case addresses the liability of the premises owner, it does not address the individual liability of employees.